IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WAYNE GORDON, aka DWAYNE HAYES,   No. C-09-2206 TEH (PR)

   Plaintiff,

  v.        ORDER OF SERVICE

DEPUTY NELSON,

   Defendant.

             /

   Plaintiff, an inmate housed at the Santa Rita Jail (Alameda County) in Dublin, California, has filed a pro se civil rights Complaint under 42 U.S.C. section 1983 alleging that Alameda County Sheriff's Deputy Nelson was deliberately indifferent to Plaintiff's serious medical needs in violation of his constitutional rights.  Specifically, Plaintiff claims Deputy Nelson refused to call for medical assistance when Plaintiff fell and hurt his ankle. Plaintiff seeks damages.

//

//

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[1] Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974

---

[1] Plaintiff is housed in the Alameda County Jail; it remains unclear from his pleading whether or not he is a pretrial detainee. Assuming Plaintiff is a pretrial detainee, his medical claim arises under the Due Process Clause, but the Eighth Amendment still serves as a benchmark for evaluating the claim. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).

2

F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104), overruled in part on other grounds by <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

     Liberally construed, Plaintiff's allegations appear to state a cognizable section 1983 claim for deliberate indifference to his serious medical needs, and Alameda County Sheriff's Deputy Nelson will be served.

## II

For the foregoing reasons and for good cause shown:

1.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on <u>Alameda County Sheriff's Deputy Nelson, Badge #1387</u>.  The Clerk also shall serve a copy of this Order on Plaintiff.

2.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than 90 days from the date of this Order, Defendant shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as

exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the Court prior to the date his motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

      b.  Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendant no later than 30 days after Defendant serves Plaintiff with the motion.

      c.  Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is

4

granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff also is advised that a Motion to Dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendant in his Motion to Dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.   Defendant shall file a reply brief within 15 days of the date on which Plaintiff serves them with the opposition.

        e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.   All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

5.   It is Plaintiff's responsibility to prosecute this

5

case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

       IT IS SO ORDERED.

DATED  06/30/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.09\Gordon-09-2206-order of service.wpd